# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **MATHIAS WU,** | ) | **NO. CV 16-5935 (KS)** |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| **NANCY A. BERRYHILL,**[1] **Acting Commissioner of Social Security,** | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff, who is proceeding *pro se*, filed a Complaint on August 9, 2016, seeking review of the Commissioner's calculation and payment of his retirement insurance benefits. (Dkt. No. 1.) On February 3, 2017, Plaintiff filed a Motion for Summary Judgment ("Plaintiff's Motion") (Dkt. No. 23), and on April 5, 2017, Defendant filed a Motion to Dismiss and Cross-Motion for Summary Judgment ("Defendant's Motion") (Dkt. No. 32). On April 14, 2017, Plaintiff filed his response ("Plaintiff's Reply") to Defendant's

---

[1] The Court notes that Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn Colvin as the defendant in this action.

1

Motion (Dkt. No. 33), and the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 12, 36.) Plaintiff seeks monetary relief, namely "$430.90 plus 6 years 3 months interest" and "a penalty of $430.90 x 75 (months) = $32317.50." (Plaintiff's Reply at 5; *see also* Complaint at 3.) The Commissioner requests that the Court dismiss Plaintiff's action for lack of jurisdiction under the Federal Tort Claims Act (*see* Defendant's Motion at 7-8) or, in the alternative, affirm the decision of the Administrative Law Judge (*id.* at 9). The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

"On or about" January 9, 2012, Plaintiff, who was born December 2, 1944, filed an application of retirement insurance benefits. (Administrative Record ("AR") 10, 13.) On January 14, 2012, Plaintiff was advised about the payment of his retirement benefits: $6,038.90 for July through December 2011 and $978.00 for each subsequent month. (AR 10, 22.) Plaintiff requested reconsideration of the award determination on the grounds that an agency representative had advised him that he would receive a larger award. (AR 10, 27.) On reconsideration, the initial determination was affirmed. (AR 10, 28.) Plaintiff filed a timely request for a hearing. (AR 10, 40.) On December 10, 2013, Administrative Law Judge ("ALJ") Cynthia A. Minter held a hearing. (AR 164-205.) Plaintiff, who proceeded without counsel but with an interpreter, and Linda Dominguez, a technical expert, testified at the hearing. (*Id.*)

On May 22, 2014, the ALJ held a continued hearing at which Plaintiff and Isela Navarro (Navarro), a claims representative with the Montebello regional office of the Social Security Administration, testified. (AR 117-163.) On September 12, 2014, the ALJ issued an unfavorable decision, denying Plaintiff's request for an adjustment to his retroactive

retirement insurance benefits. (*Id.* 10-12.) On June 15, 2016, the Appeals Council denied Plaintiff's request for review. (*Id.* 3-6.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ made the following findings:

> [A] representative of the Administration may have given [Plaintiff] inaccurate information about his potential retroactive benefits. Further, it is possible that [Plaintiff] was misled by information on a Benefit Information sheet, indicating that he is entitled to gross Social Security benefits of $1,078.30 with an effective date of July 2011. Nevertheless, even if a representative of the Administrat[ion] gave [Plaintiff] inaccurate information, this information was only an estimate. Further, [Plaintiff] has not cited any statutory authority, regulatory authority, or case law, which binds the Administration to pay him a benefit based on misinformation . . . . Rather, the Administration is only required to pay [Plaintiff] retirement insurance benefits in an amount, which is consistent with the provisions of 20 C.F.R. § 404.310-313.

> Accordingly, the undersigned concludes that [Plaintiff] was paid the correct amount of retroactive benefits by the Administration, totaling $6,038.90. The gross benefit calculations were based on consideration of one delayed retirement credit. [Plaintiff] received a cost of living increase in December 2011, which increased his gross benefit amount. The appropriate rounding down reduction also was applied to his final payment calculation. Ultimately, [Plaintiff] was entitled to $1,000 per month for the months of July 2011 through November 2011 and $1036.90 for December 2011 (*i.e.*, $1,000.40 x 5 + $1,036.90).

3

(AR 11-12.)

## DISCUSSION

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). Generally, where, as here, the plaintiff is *pro se*, the Court must construe the pleadings liberally and afford [the Plaintiff] the benefit of any doubt." *Bretz v. Kellman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc) (internal citation omitted). But when a plaintiff challenges an administrative agency's application of its own regulations, "[t]he interpretation of statutes and regulations by an agency charged with their administration is entitled to due deference and should be accepted unless demonstrably irrational or clearly contrary to the plain meaning." *Adams v Bowen*, 872 F.2d 926, 929 (9th Cir. 1989) (internal citations and quotations omitted).

After careful review, the Court finds that Plaintiff's sole claim is that Navarro, a claims representative with the Montebello regional office of the Social Security Administration, provided Plaintiff with an incorrect estimate of the amount of his retroactive benefits, Plaintiff relied on that error, and the Commissioner may not now award him a lesser sum. The factual basis for this claim is that, on January 9, 2012, Navarro told Plaintiff that he has two choices for receiving his retirement insurance benefits: (1) "$1119.50/month;" or (2) "$1078.30/month, plus . . . $6469.80 is your 6 month retroactive benefits, but now I can pay you $6038.90 only, after 2 months I will pay you different $430.90." (Complaint at 1 (errors in original); *see also* Plaintiff's Reply at 3.) A few days

4

later, Plaintiff received a check for $6,038.90 and a document from the Commissioner stating that his six month retroactive benefits were "$6238.70 only." (*Id.*) Plaintiff states "SSA changed her promise, it is a designed fraud . . . . SSA officials still designed a fraud and cheat me." (Complaint at 1-2.) Plaintiff's Reply reiterates these contentions without challenging the Commissioner's actual computation of his award. Specifically, Plaintiff states, "My case's main point is SSA officials cheating me," and "SSA design fraud cheat plain people is guilty." (Plaintiff's Reply at 1, 4) (errors in original). Plaintiff also explains that he does not allege that the regulations actually entitle him to $6469.80 in retroactive benefits, but rather that Navarro *told* him he was entitled to that sum and the Commissioner should be bound by her words. (*See* Plaintiff's Reply at 3.) Similarly, in the second administrative hearing, Plaintiff insisted that, regardless of whether Navarro made a mistake, once Plaintiff acted on Navarro's representations by choosing to receive retroactive benefits, her statements became binding and neither he, Navarro, nor the Social Security Administration could change their minds – or "their words." (AR 158.)

To the extent that Plaintiff grounds his claim in fraud, his claim is barred by the Federal Tort Claims Act ("FTCA"),[2] which excludes claims arising out of "misrepresentation" and "deceit" from liability under the FTCA. 28 U.S.C. §2680(h); *Lawrence v. United States*, 340 F.3d 952, 958 (9th Cir. 2003) ("The misrepresentation exception shields government employees from tort liability for failure to communicate information, whether negligent, or intentional.") (citing *United States v. Neustadt*, 366 U.S. 696, 702 (1961)). To the extent that Plaintiff intends to present a claim for equitable estoppel, his claim lacks merit.

---

[2] The FTCA waives the United States' sovereign immunity for certain claims seeking monetary damages "arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008) (citing 28 U.S.C. § 1346(b)(1)).

Estoppel is an equitable doctrine which a court may invoke to avoid injustice in particular cases. The traditional elements are: (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury. *Morgan v. Gonzales*, 495 F.3d 1084, 1092 (9th Cir. 2007) (quoting *Watkins v. U.S. Army*, 875 F.2d 699, 707 (9th Cir. 1989) (en banc)). However, the government "may not be estopped on the same terms as any other litigant." *Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 60 (1984). Instead, in addition to establishing the traditional elements of estoppel, "[a] party seeking to raise estoppel against the government must [also] establish affirmative misconduct going beyond mere negligence," and, "even then, estoppel will only apply where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." *Morgan*, 495 F.3d at 1092 (quoting *Watkins*, 875 F.2d at 707); *see also Heckler*, 467 U.S. at 60 (explaining that a "private party surely cannot prevail [in asserting estoppel against the government] without at least demonstrating that the traditional elements of an estoppel are present").

The federal courts, including the Ninth Circuit, have found that, without more, a government agency representative's "incorrect advice" does not constitute "affirmative misconduct" for the purposes of estoppel. *See, e.g.*, *Bartlett v. U.S. Dep't of Agric.*, 716 F.3d 464, 476 (8th Cir. 2013) (discussing the Eighth Circuit's decision in *Clason v. Johanns*, 438 F.3d 868 (8th Cir. 2006) that an FSA officer's incorrect advice constituted "mere negligence," not "affirmative misconduct"); *Sulit v. Schiltgen*, 213 F.3d 449, 454 (9th Cir. 2000) ("Neither the failure to inform an individual of his or her legal rights nor the negligent provision of misinformation constitute affirmative misconduct."); *Mukherjee v. I.N.S.*, 793 F.2d 1006, 1009 (9th Cir. 1986) (defining affirmative misconduct as "a *deliberate* lie . . . or a pattern of false promises" (emphasis added)); *see also Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2011) ("negligent oversight" is not "affirmative misconduct");

6

*Michigan Exp., Inc. v. United States*, 374 F.3d 424, 427 (6th Cir. 2004) ("affirmative misconduct is more than mere negligence[,] [i]t is an act by the government that either intentionally or recklessly misleads the claimant"); *id.* at 428 (no affirmative misconduct where the plaintiff concedes the government representative neither acted to deceive nor with malicious intent). As the Supreme Court pointed out, punishing the good-faith and conscientious efforts of the government by an easy rule of estoppel "might create not more reliable advice, but less advice . . . ." *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 433 (1990).

Plaintiff, however, has not sustained his burden of establishing that the Social Security Agency engaged in affirmative misconduct. Although the ALJ held two hearings and heard the testimony of Isela Navarro, the ALJ found that, at worst, Navarro provided Plaintiff "inaccurate information about his potential retroactive benefits." (AR 11.) The ALJ's assessment is supported by substantial evidence in the record. Indeed, there is no evidence in the record that Navarro's error was intentional, malicious, or even reckless, and Plaintiff appeared to concede as much in the second administrating hearing when he stated "anybody may make mistake, okay, I understand that. Anybody can make a mistake," but "SSA should pay me that amount. Anybody in SSA cannot change their words." (AR 157-58.)

In the absence of any evidence that Navarro engaged in affirmative misconduct, as opposed to mere negligence, Plaintiff's argument that the Social Security Agency should be estopped from awarding benefits less than Navarro's initial estimate fails. *See Morgan*, 495 F.3d at 1092. Furthermore, there is substantial evidence in the record to support the ALJ's decision that Plaintiff's benefits were properly calculated. As the ALJ explained, the correct amount of retroactive retirement benefits, $6,038.90, was calculated based on consideration of one delayed retirement credit, a cost of living increase in December 2011, and the application of a rounding down reduction to the final payment calculation, resulting in Plaintiff being entitled to "$1,000.40 per month for the months of July 2011 through

November 2011 and $1036.90 for December 2011 (*i.e.*, $1,000.40 x 5 + $1,036.90 = $6,038.90)." (AR 12.)  As discussed above, Plaintiff takes no issue with the regulations governing these calculations, and a claim of fraud or estoppel does not entitle Plaintiff to a greater award than what is authorized by law.  Accordingly, the Social Security Agency properly calculated the amount of Plaintiff's benefits, and the Complaint must be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, the Court finds that the Commissioner's decision is free from material legal error, and neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, IT IS ORDERED that Judgment shall be entered denying Plaintiff's Motion for Summary Judgment, granting Defendant's Motion, and affirming the decision of the Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 10, 2017

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE